In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3891

NORM LEMARCIER FURNACE,

Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF SOUTHERN
ILLINOIS UNIVERSITY, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 98-4244-JLF--James L. Foreman, Judge.

ARGUED February 17, 2000--DECIDED JUNE 26,
2000

  Before HARLINGTON WOOD, JR., COFFEY, and
RIPPLE, Circuit Judges.

  HARLINGTON WOOD, JR., Circuit Judge.  In
January 1997, plaintiff-appellant Norm
Lemarcier Furnace was enrolled in the
Medical, Dental Education Preparatory
Program at Southern Illinois University
("SIU" or "the university"). Furnace was
found guilty by a student judicial board
of various violations of SIU's student
disciplinary code and was placed on
disciplinary suspension for three years.
Furnace filed a pro se complaint in the
United States District Court for the
Southern District of Illinois against SIU
and various SIU officials alleging
violations of due process, intentional
and negligent infliction of emotional
distress, libel, slander, and "violations
of university policy." On October 28,
1998, the district court dismissed
Furnace's complaint without prejudice
under 28 U.S.C. sec. 1915(e)(2)(B)(ii)
for failure to state a claim on which
relief could be granted. Furnace filed a
notice of appeal on November 5, 1998./1

## I.  BACKGROUND

In January 1997, Furnace, a twenty-nine year old African-American male student in SIU's graduate level pre-med program, was living in a university-owned apartment in Carbondale, Illinois. On January 17, 1997, SIU police officers searched Furnace's apartment pursuant to a search warrant and seized several items of personal property. Furnace was subsequently arrested by SIU police and was charged by the Jackson County State's Attorney's Office with computer fraud and unlawful use of a credit card based on allegations that Furnace used the internet to order goods which were charged to the credit card of another student. Furnace, who was represented by an attorney from the Jackson County Public Defender's Office, denied any wrongdoing and refused to accept any plea agreement offered to him.

On January 21, 1997, Furnace was informed by an assistant housing supervisor that he was being evicted from his apartment based on his arrest. On February 6, 1997, Furnace received a letter from the SIU Student Judicial Affairs department alleging violations of SIU's student disciplinary code. These violations were the same as the criminal charges pending against Furnace, and Furnace's criminal attorney asked the university to postpone any student disciplinary action until the criminal charges were resolved. The university denied the request, and on March 26, 1997, a student judicial board convened to consider the charges against Furnace. The student judicial hearing began at 7:00 p.m. and continued until 1:40 a.m. on March 27, at which time the panel adjourned to deliberate. After several hours of deliberation, the panel, composed entirely of SIU students, found Furnace guilty of all of the charges filed against him and recommended that Furnace be placed on disciplinary suspension for three years.

Furnace appealed the panel recommendation as allowed by the university's student code. Furnace claimed that the panel did not base its recommendation on either substantial evidence or on a preponderance of the evidence presented. Furnace further argued that some relevant evidence was

not presented at the hearing and that the students on the panel acted inappropriately, detracting from the seriousness of the matter. The panel recommendation was upheld by the director of student development, an associate vice chancellor, and ultimately by Donald Beggs, chancellor of the university. On September 2, 1997, Furnace was informed that he was suspended from the university for three years with the suspension to run retroactively from July 26, 1997. On November 20, 1997, the Jackson County State's Attorney's Office dropped its charges against Furnace. All of the items seized from Furnace were returned to him pursuant to a March 6, 1998 order by a state court judge.

## II.  ANALYSIS

As an initial matter, we must determine whether we have jurisdiction to decide Furnace's appeal. Furnace filed both his complaint and a motion to proceed in forma pauperis on July 29, 1998. On October 28, 1998, the district court issued a memorandum and order on Furnace's motion to proceed in forma pauperis. The court found that Furnace qualified as indigent under 28 U.S.C. sec. 1915; however, the court recognized that under 28 U.S.C. sec. 1915(e)(2)(B)(ii) it had an obligation to "dismiss the case at any time" if it determined that the action failed to state a claim on which relief could be granted. After analysis, the district court dismissed Furnace's federal claims for failure to state a claim. The court then dismissed Furnace's supplemental state law claims for lack of jurisdiction and stated, "Accordingly, plaintiff's [M]otion to Proceed In Forma Pauperis (Doc. 2) pursuant to 28 U.S.C. sec. 1915 is DENIED, and plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE. The Clerk of the Court shall enter judgment accordingly." In accordance with the court's order, the clerk of the court, on October 28, filed a document entitled "Judgment in a Civil Case" which provided: "It is ordered and adjudged that plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE." On November 5, 1998, Furnace filed a notice of appeal appealing the district court's memorandum and order which denied his motion to proceed in forma pauperis and dismissed his complaint without prejudice.

Under 28 U.S.C. sec. 1291, the courts of appeals have jurisdiction over appeals from "final decisions" of the district courts./2 Appellees contend that there is no final, appealable order in this case, first, because the district court dismissed only Furnace's complaint and not the entire action and, secondly, because the dismissal was without prejudice.

"[I]f a judgment entry dismisses only the complaint, it is not a final judgment." Paganis v. Blonstein, 3 F.3d 1067, 1070 (7th Cir. 1993). "To determine whether a judgment is final, the language of the judgment itself is controlling." Id. at 1069 (citing Benjamin v. United States, 833 F.2d 669, 671 (7th Cir. 1987)). In Paganis, we held that a judgment reading "judgment by dismissal . . . is entered in favor of defendants . . . against plaintiffs" constituted language of sufficient finality to satisfy 28 U.S.C. sec. 1291, noting that "[t]he judgment entry did not simply grant a motion, nor did it say 'the plaintiffs' complaint is dismissed.'" Id. at 1070. In the present case, the judgment stated only that Furnace's complaint was dismissed and specified that the dismissal was without prejudice. We need not determine whether 28 U.S.C. sec. 1915(e)(2)'s requirement that "the case" be dismissed necessitates the dismissal of the entire action or merely of the complaint because in the present case it is clear from the language of the judgment and the order that the court dismissed only Furnace's complaint and not the entire action. The October 28 judgment entry does not constitute a final judgment under 28 U.S.C. sec. 1291.

Moreover, while "this court has not accorded talismanic importance to the fact that a complaint . . . was dismissed 'without prejudice,'" United States v. City of Milwaukee, 144 F.3d 524, 528 n.7 (7th Cir. 1998), generally, an order dismissing a complaint without prejudice "'is not appealable because the plaintiff may file an amended complaint.'" Kaplan v. Shure Bros., Inc., 153 F.3d 413, 417 (7th Cir. 1998) (quoting Farrand v. Lutheran Bhd., 993 F.3d 1253, 1254 (7th Cir. 1993)). We have noted that under "special circumstances" the dismissal of

a complaint without prejudice may constitute adequate finality for appeal. Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership, 845 F.2d 674, 676 (7th Cir. 1988) (citing Akins v. Bd. of Governors, 840 F.2d 1371, 1375 n.2 (7th Cir.) vacated, 488 U.S. 920 (1988), reinstated in relevant part, 867 F.2d 972 (7th Cir. 1988); Benjamin, 833 F.2d 669). This exception applies when it is clear from the record that the district court "found that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make." Id. (internal quotations and citations omitted); see also LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 687 (7th Cir. 1998) ("If the dismissal was without prejudice, then it was not a 'final decision' unless LeBlang could not file another complaint."); City of Milwaukee, 144 F.3d at 528 n.7 (collecting cases).  There is nothing in the record of the present case to suggest that the district court determined that Furnace's complaint could not be saved by amendment or that Furnace was unable to make any rational argument to support his claim for relief. In fact, counsel for Furnace stated at oral argument that he believed amendment could cure the defects that the district judge had pointed out in its order dismissing the complaint and asserted that Furnace wanted the opportunity to return to the district court to amend the complaint. The district court's dismissal without prejudice of Furnace's complaint lacks sufficient finality for appeal./3

  Having determined that the district court dismissed only Furnace's complaint and not the entire action, we find that the district court has not yet entered a final order terminating the litigation. See Benjamin, 833 F.2d at 672. As previously noted, we lack appellate jurisdiction until the district court enters a final decision in a case. Furnace's appeal is therefore dismissed for lack of jurisdiction.

APPEAL DISMISSED.

/1 Furnace filed his initial brief on appeal pro se, but on July 28, 1999, this court appointed counsel to represent Furnace on appeal. Appointed

counsel filed a supplemental brief on October 7, 1999, a reply brief on December 22, 1999, and represented Furnace at oral argument.

/2 A district court's denial of in forma pauperis status is normally immediately appealable under the collateral order doctrine. West v. Macht, 197 F.3d 1185, 1188 (7th Cir. 1999). To satisfy the collateral order doctrine, an appealed from order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. Wingerter v. Chester Quarry Co., 185 F.3d 657, 662-63 (7th Cir. 1998). In the present case, the court expressly found that Furnace qualified as indigent under the statute but denied his motion based on the fact that it was dismissing his complaint without prejudice for failure to state a claim on which relief may be granted. As we will discuss, the district court's dismissal of the complaint without prejudice is not conclusive because it leaves Furnace with the option ofamending his complaint. The collateral order doctrine is not satisfied.

/3 Furnace points to the district court's December 4, 1998 order entered on his motion for leave to proceed in forma pauperis on appeal as evidence that the district court viewed the proceedings before it to be at an end. In that order, the court refers to its October 28, 1998 memorandum and order and the accompanying entry of judgment as "the entry of judgment in defendant's favor and the dismissal of plaintiff's claims." However, as was the case in Principal Mutual Life Insurance Company, 845 F.2d at 676, this interpretation does not alter either the scope of the original judgment or the fact that Furnace is free to refile.