**Peter V. SMILDE Plaintiff–Appellant,**

v.

**Paul H. O'NEILL, et al., Defendants–Appellees.**

**No. 01–1190.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 12, 2001.*

Decided Oct. 18, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE and DIANE P. WOOD, Circuit Judges.

## ORDER

Peter Smilde appeals the district court's dismissal without prejudice of his complaint. We dismiss the appeal for lack of jurisdiction.

In June 2000 Smilde sued the United States and various of its officers and agencies (collectively, the "Government Defendants"), as well as two credit-reporting agencies. Smilde claimed (1) that the United States and the Internal Revenue Service owed him income tax refunds for 1998 and 1999, (2) that the Government Defendants negligently applied a portion of his 1999 tax refund to a debt to the Department of Veterans Affairs, which Smilde denied owing, and (3) that all of the defendants violated his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681. Because Smilde failed to serve any of the defendants with process within 120 days of filing his complaint, the district court dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Smilde appeals.

We lack jurisdiction to hear this appeal, however, because the dismissal was without prejudice and, therefore, not a final decision. Under 28 U.S.C. § 1291, "courts of appeal ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Finality depends on whether the district court's decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation and citation omitted): *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir.2000). A dismissal without prejudice of a complaint generally is not a final decision because the plaintiff need only re-file or amend, and the dismissal thus does not terminate the litiga-

tion. *See Furnace v. Bd. of Trustees,* 218 F.3d 666, 669 (7th Cir.2000); *see also Sanford v. Motts,* 258 F.3d 1117, 1119 (9th Cir.2001); *Martin v. Brown,* 63 F.3d 1252, 1257–58 (3d Cir.1995); *Mobley v. McCormick,* 40 F.3d 337, 339 (10th Cir.1994). Nonetheless, we will treat a dismissal without prejudice of a complaint as final under certain circumstances, such as where it is clear from the record that the plaintiff will not be able to amend or if any newly-filed complaint will be time-barred. *Furnace,* 218 F.3d at 669–70; *United States v. 8136 S. Dobson Street,* 125 F.3d 1076, 1081 (7th Cir.1997). Whether Smilde can amend is not an issue: the district court dismissed the complaint not because of defective pleading but instead for failure to serve process. Neither do Smilde's claims appear time-barred based on our review of the record, and he does not claim that they are.

■■■ Rather, Smilde contends that the district court should have extended the 120 day period for "good cause" under Rule 4(m). He argues that he provided the United States Marshals Service with a summons and current address for each defendant; thus, he says, it was the Marshals Service's obligation to effect service and not his. Smilde is correct that an *in forma pauperis* plaintiff has a right to rely on the Marshals Service to serve defendants once the plaintiff has provided the necessary information. *Graham v. Satkoski,* 51 F.3d 710, 712–13 (7th Cir.1995). But Smilde concedes that in September 2000 when the Marshals Service requested that he complete Form 285 (necessary to serve a United States Government office with process), he failed to do so and returned the blank form because, he claimed, his typewriter was broken. He claims that the form lacked sufficient space to complete by hand. But we do not think Smilde's explanation demonstrates good cause. Smilde never attempted to contact the Marshals Service after returning Form 285 to determine whether the defendants had been served—not even when the district court threatened him with dismissal. *See Satkoski,* 51 F.3d at 713 ("Of course, if the failure to serve process was due to appellants' failure to cooperate with the Marshals Service, there may not be good cause and dismissal may be appropriate."); *Del Raine v. Williford,* 32 F.3d 1024, 1030–31 (7th Cir.1994) (plaintiff could not show good cause when Marshal was not to blame for failure to serve because plaintiff failed give Marshal copies amended complaint until more than 120 days after it was filed); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994) (*in forma pauperis* plaintiff's failure to provide Marshals Service with sufficient information amounted to failure to show good cause). And even if Smilde could show good cause, the dismissal still would be non-final for the reasons we have stated, and we still would lack jurisdiction to review it.

**DISMISSED.**