Opinion for the Court filed by Circuit Judge KAVANAUGH, with whom Circuit Judge GINSBURG joins.
Dissenting opinion filed by Circuit Judge HENDERSON.
KAVANAUGH, Circuit Judge:
This is not your typical lawsuit against the Government. Plaintiffs here have sued because they don’t want government benefits. They seek to disclaim their legal entitlement to Medicare Part A benefits for hospitalization costs. Plaintiffs want to disclaim their legal entitlement to Medicare Part A benefits because their private insurers limit coverage for patients who are entitled to Medicare Part A benefits. And plaintiffs would prefer to receive coverage from their private insurers rather than from the Government.
Plaintiffs’ lawsuit faces an insurmountable problem: Citizens who receive Social Security benefits and are 65 or older are automatically entitled under federal law to Medicare Part A benefits. To be sure, no one has to take the Medicare Part A benefits. But the benefits are available if you want them. There is no statutory avenue for those who are 65 or older and receiving Social Security benefits to disclaim their legal entitlement to Medicare Part A benefits. For that reason, the District Court granted summary judgment for the Government. We understand plaintiffs’ frustration with their insurance situation and appreciate their desire for better private insurance coverage. But based on the law, we affirm the judgment of the District Court.
I
Most citizens who are 62 or older and file for Social Security benefits are legally entitled to receive Social Security benefits. *1295 See 42 U.S.C. § 402(a). Since Congress created Medicare in 1965, entitlement to Social Security benefits has led automatically to entitlement to Medicare Part A benefits for those who are 65 or older. See 42 U.S.C. § 426(a); see also Social Security Amendments of 1965, Pub.L. No. 89-97, § 101, 79 Stat. 286, 290.
Plaintiffs Armey, Hall, and Kraus all receive Social Security benefits and are 65 or older. Therefore, they are automatically entitled to Medicare Part A benefits. But they want to disclaim their legal entitlement to Medicare Part A benefits.[2] In other words, they want not only to reject the Medicare Part A benefits (which they are already free to do) but also to obtain a legal declaration that the Government cannot pay Medicare Part A benefits on their behalf. According to plaintiffs, if they could show their private insurers that they are not legally entitled to Medicare Part A benefits, they would receive additional benefits from their private insurers. Plaintiffs argue that the statute allows them to disclaim their legal entitlement to Medicare Part A benefits and that the agency has violated the statute by preventing them from doing so.[3]
II
We first consider plaintiffs’ standing. Plaintiffs claim that their private insurers have curtailed coverage as a result of plaintiffs’ entitlement to Medicare Part A benefits. Plaintiff Armey declared that his legal entitlement to Medicare Part A benefits led his Blue Cross plan to reduce coverage without a matching reduction in premium. Plaintiff Hall declared that his Mail Handlers plan stopped acting as his primary payer because of his legal entitlement to Medicare Part A benefits. They claim they would receive enhanced coverage from their private insurers if they were not entitled to Medicare Part A benefits. For purposes of the standing inquiry, we must accept those declarations as true.
We conclude that Armey and Hall have suffered injuries in fact from their reduced private insurance. They have shown causation because their private insurance has been curtailed as a direct result of their legal entitlement to Medicare Part A benefits. And as to redressability, plaintiffs claim that they could obtain additional coverage from their private insurance plans if allowed to disclaim their legal entitlement to Medicare Part A benefits.
Because Armey and Hall have standing, we need not address standing for the other plaintiffs. We therefore proceed to the merits.
Ill
Because plaintiffs are 65 or older and are entitled to Social Security benefits, they are “entitled to hospital insurance benefits” through Medicare Part A. 42 U.S.C. § 426(a). But plaintiffs do not want to be legally entitled to Medicare Part A benefits.
To be clear, plaintiffs already “may refuse to request Medicare payment” for services they receive and instead “agree to pay for the services out of their own funds or from other insurance.” Medicare Claims Processing Manual, ch. 1, § 50.1.5 (2011). So they can decline Medicare Part A benefits.
But plaintiffs want something more than just the ability to decline Medicare pay *1296 ments. They seek a legal declaration that Medicare Part A benefits cannot be paid on their behalf — a declaration, in other words, that they are not legally entitled to Medicare Part A benefits. But the statute simply does not provide any mechanism to achieve that objective. If you are 65 or older and sign up for Social Security, you are automatically entitled to Medicare Part A benefits. You can decline those benefits. But you still remain entitled to them under the statute.
What plaintiffs really seem to want is for the Government and, more importantly, their private insurers to treat plaintiffs’ decision not to accept Medicare Part A benefits as meaning plaintiffs are also not legally entitled to Medicare Part A benefits. But the problem is that, under the law, plaintiffs remain legally entitled to the benefits regardless of whether they accept them.
Consider an analogy. A poor citizen might be entitled under federal law to food stamps. The citizen does not have to take the food stamps. But even so, she nonetheless remains legally entitled to them. So it is here.
Plaintiffs offer four arguments for why they must be allowed to disclaim their legal entitlement to Medicare Part A benefits. None is persuasive.
First, plaintiffs say that the plain meaning of the statutory term “entitled” requires that the beneficiary be given a choice to accept or reject Medicare Part A. But plaintiffs’ entitlement is to “hospital insurance benefits” under Medicare Part A. 42 U.S.C. § 426(a) (emphasis added). As explained above, plaintiffs may refuse Medicare Part A benefits. See Medicare Claims Processing Manual, ch. 1, § 50.1.5. So they already have a choice to accept or reject those benefits.
Second, plaintiffs claim that, by statute, Medicare Part A is a voluntary program. That’s true in the sense that plaintiffs can always obtain private insurance and decline Medicare Part A benefits. But the fact that the program is voluntary does not mean there must be a statutory avenue for plaintiffs to disclaim their legal entitlement to Medicare Part A benefits.
Third, plaintiffs acknowledge that they can escape their entitlement to Medicare Part A benefits by disenrolling from Social Security and forgoing Social Security benefits. From that, plaintiffs contend that entitlement to Medicare Part A benefits has thereby been made a prerequisite to receiving Social Security benefits, in contravention of the statute governing entitlement to Social Security benefits. But plaintiffs have it backwards. Signing up for Social Security is a prerequisite to Medicare Part A benefits, not the other way around.
Fourth, plaintiffs note that entitlement to Social Security benefits is optional and argue that entitlement to Medicare Part A should likewise be optional. But Social Security participation is optional because filing an application for benefits is a statutory prerequisite to entitlement. See 42 U.S.C. § 402(a)(3). Congress could have made entitlement to Medicare Part A benefits depend on an application. But Congress instead opted to make entitlement to Medicare Part A benefits automatic for those who receive Social Security benefits and are 65 or older.
In sum, plaintiffs’ position is inconsistent with the statutory text. Because plaintiffs are entitled to Social Security benefits and are 65 or older, they are automatically entitled to Medicare Part A benefits. The statute offers no path to disclaim their legal entitlement to Medicare Part A benefits. Therefore, the agency was not required to offer plaintiffs a mechanism for *1297 disclaiming their legal entitlement, and its refusal to do so was lawful.[4]
We affirm the judgment of the District Court.

So ordered.

. The two other named plaintiffs do not now receive Social Security benefits but they wish to be able to do so without becoming entitled to Medicare Part A benefits.

. Plaintiffs specifically target the agency’s Program Operations Manual System, which does not allow a beneficiary to disclaim the legal entitlement to Medicare Part A benefits.

. We have considered plaintiffs’ other arguments and find them without merit.