**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-4157**

―――――――――

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

VASCHON ANDREA BROWN,

          Defendant – Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:14-cr-00032-CCB-1)

―――――――――

Submitted: July 2, 2015          Decided: July 30, 2015

―――――――――

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Byron L. Warnken, Matt McKenzie, WARNKEN, LLC, Pikesville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Peter J. Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2014, a federal grand jury indicted Vaschon Brown for (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Brown moved to suppress evidence seized from his person and vehicle. Following a hearing, the district court denied the motion. Brown then entered a conditional guilty plea, expressly reserving his right to appeal the district court's denial of his motion to suppress. Brown now appeals that denial. For the reasons that follow, we affirm.

I.

A.

At approximately 1:10 am on September 16, 2013, Officer James Morrison of the Howard County Police Department observed Vaschon Brown driving thirteen miles per hour over the speed limit, and initiated a routine traffic stop. Morrison entered Brown's license plate number into the National Crime Information Center ("NCIC") database, which showed an active arrest warrant for Brown issued by the Maryland Transportation Authority ("MTA") for failure to appear in traffic court. Morrison asked

2

his dispatcher to contact the MTA to determine whether the warrant was indeed active, and the MTA confirmed that it was. Then, Morrison accessed the Maryland Judiciary Case Search ("MJCS") website to research Brown's criminal history and discovered that Brown had a prior narcotics conviction. Morrison did not access the portion of the website dealing with traffic-related cases.

Morrison told Brown there was an active warrant for his arrest. Brown responded that the warrant had been quashed, and provided the name of his lawyer. Brown argues he also told Morrison his new trial date, but Morrison does not remember Brown providing that information. Morrison nevertheless executed the arrest warrant and in the subsequent search of Brown's person found $1,900 in cash and two cellphones. Brown was in fact correct that the warrant had been recalled.

Based on the evidence from Morrison's search and Brown's criminal history, Morrison detained Brown's vehicle until a K-9 unit arrived to scan it. The scan indicated the presence of narcotics, which led Morrison to search Brown's vehicle. During the search, Morrison found a loaded .45 caliber handgun, 38 bags of heroin, and a duffel bag containing $20,000 in cash.

B.

Brown moved to suppress the evidence seized from his person and vehicle as a result of Morrison's searches. He argued, in

3

relevant part, that the exclusionary rule applied because (1) Morrison unreasonably relied on the representation that the warrant was valid, and therefore his actions constituted police misconduct to which the good faith exception should not apply; and (2) Morrison lacked reasonable suspicion to detain the vehicle for longer than the time reasonably required to issue a citation.

The district court denied Brown's motion to suppress, finding that although Brown's Fourth Amendment rights had been violated because the warrant was, in fact, invalid, the good faith exception to the exclusionary rule applied because Morrison had reasonably relied on the information from the NCIC database and the MTA. The court also held that Morrison had lawfully detained Brown's vehicle.

## II.

"We review factual findings regarding [a] motion to suppress for clear error and legal conclusions de novo." United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014). We construe the evidence in the light most favorable to the prevailing party in the district court. United States v. Foster, 634 F.3d. 243, 246 (4th Cir. 2011). Because the district court denied Brown's motion, we construe the evidence in the light most favorable to the government.

4

Brown makes two arguments on appeal.  First, he argues that the good faith exception should not be applied to these facts because to do so would run counter to the exclusionary rule's goal of deterring police misconduct.  He so contends because Morrison (1) relied on a systemically incorrect database and (2) failed to further investigate the warrant's validity after Brown informed him the warrant had been quashed.  Second, he argues that the evidence seized from Brown's vehicle must be excluded because Morrison lacked reasonable suspicion to detain the vehicle for an additional 20-30 minutes after the arrest.  We find both arguments to lack merit.

A.

We first address Brown's claim that the good faith exception to the exclusionary rule does not apply.  The purpose of the exclusionary rule to the Fourth Amendment's protection against unlawful searches and seizures is "to deter wrongful police conduct."  Herring v. United States, 555 U.S. 135, 137 (2009).  Because excluding evidence exacts a "costly toll upon truth-seeking and law enforcement objectives," the exclusionary rule is not automatically triggered every time the Fourth Amendment is violated.  Id. at 141 (quotation omitted).  Rather, it applies only when the police conduct is "deliberate,

5

reckless, or grossly negligent," or when there is evidence of "recurring or systemic negligence." Id. at 144. We apply an objective standard to that inquiry and ask "whether a reasonably well trained officer would have known that the search was 'illegal' in light of 'all of the circumstances.'" Id. at 145 (quoting United States v. Leon, 468 U.S. 897, 922 n.23 (1984)). If an officer acted with objectively reasonable reliance on incorrect database information, we conclude that the officer acted in good faith, and the exclusionary rule does not apply. See id. at 142. We find that to be the case here, for the reasons that follow.

Brown contends, in essence, that Morrison's reliance was not objectively reasonable. Brown argues that because the NCIC database is known to be frequently incorrect, Morrison should not have relied on its information. To the contrary, however, this court has concluded that the NCIC database generally is accurate and that widespread use of its reports indicates they may be trusted. United States v. McDowell, 745 F.3d 115, 121–22 (4th Cir. 2014). Further, Morrison did not rely solely on NCIC's information in concluding that Brown's arrest warrant was valid. As we have noted, he asked his dispatcher to confirm with the MTA that the warrant was active. That Morrison took that additional step places his precautions beyond those of the officer in Herring, on which both parties rely. In Herring, the

6

Supreme Court held that the officer's execution of an arrest warrant based only on information from a neighboring county's clerk's office that the warrant was active did not trigger the exclusionary rule. See Herring, 555 U.S. at 137, 147–48.

In addition to Brown's challenge to the NCIC database's accuracy, Brown argues that Morrison's failure to check the traffic portion of the MJCS website or further investigate the warrant's validity after Brown informed him the warrant had been quashed indicates willful blindness. Willful blindness is a high standard to meet, requiring, as it does, evidence that the actor "deliberately shield[ed] [himself] from clear evidence of critical facts that are strongly suggested by the circumstances." United States v. Jinwright, 683 F.3d 471, 478 (4th Cir. 2012). We have no difficulty finding that standard was not met here.

Morrison accessed the MJCS website to investigate Brown's criminal history after having confirmed with the MTA Brown's warrant was active. Thus, since the authenticity of the warrant was already confirmed, he was under no obligation to utilize the MJCS site further.*

---

* We also reject Brown's argument that Morrison's failure to infer that the warrant against Brown was inactive from the sole fact that Brown's driver's license was valid triggered the exclusionary rule. Although Brown asserts that, in Maryland, the issuance of an arrest warrant against a person automatically (Continued)

7

Nor does Morrison's failure to further investigate the warrant because of Brown's statements indicate willful blindness. Brown's statement that the warrant had been quashed is not "clear evidence" of that fact, especially when contrasted with Morrison's specific information from the NCIC and MTA regarding its validity. The circumstances thus indicated the warrant was active; therefore Morrison proceeded reasonably.

B.

We next turn to Brown's claim that Morrison lacked reasonable suspicion to prolong the traffic stop. To detain a driver and vehicle beyond the course of a routine traffic stop, an officer must have reasonable suspicion of illegal activity. United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008) (citing Florida v. Royer, 460 U.S. 491, 500-01 (1983)). Reasonable suspicion need not amount to probable cause, but the officer does need to identify specific facts supporting this suspicion. Id. An officer's reasonable suspicion is evaluated objectively, and we may not engage in "unrealistic second-guessing" of the officer's decision. Id. at 337 (citing

triggers suspension of that person's driver's license, Brown cites no Maryland authority for that assertion, and presents no evidence that a typical Maryland police officer would rely on the validity of a driver's license to determine the status of an arrest warrant.

Illinois v. Wardlow, 528 U.S. 119, 123 (2000); United States v. Sharpe, 470 U.S. 675, 686–87 (1985)).

Morrison knew that Brown had a prior narcotics conviction, and discovered two cellphones and $1,900 in cash on Brown's person. These specific facts were sufficient to raise a reasonable suspicion of illegal activity, authorizing Morrison to order a K-9 scan and detain Brown's vehicle. Brown has offered only conclusory statements to argue that those facts do not amount to reasonable suspicion.

IV.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9