# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 20-5338

September Term, 2020

1:19-cv-01730-ABJ

**Filed On:** July 23, 2021

James S. Bucholz,

      Appellant

   v.

Janet L. Yellen, in her official capacity as
Secretary of the United States Department of
the Treasury, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Rogers, Millett, and Katsas, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed September 10, 2020, be affirmed. The district court correctly concluded that appellant failed to state a claim that the assessment of the shared responsibility payment against him is a violation of his due process rights under the Fifth Amendment. See 26 U.S.C. § 5000A; National Federation of Independent Business v. Sebelius, 567 U.S. 519, 575 (2012); Association of American Physicians and Surgeons v. Sebelius, 746 F.3d 468, 470 (D.C. Cir. 2014). Additionally, the only proper defendant in a refund suit is the United States, see 26 U.S.C. § 7422(f), and appellant has not alleged a cause of action under the Administrative Procedure Act, 5 U.S.C. § 702. The district court also correctly concluded that appellant failed to state a cause of action under Bivens against the two federal employees in their personal capacities. Appellant has not identified a constitutional violation by these employees. See Association of American Physicians and Surgeons, 746 F.3d at 470; Phillips v. Commissioner, 283 U.S. 589, 595 (1931).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5338**                                **September Term, 2020**


Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk