In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-1665

MONICA DEL CARMEN GONZALEZ-SERVIN, *et al.*,

*Plaintiffs-Appellants,*

*v.*

FORD MOTOR COMPANY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:07-cv-05837-SEB-DML—**Sarah Evans Barker**, *Judge.*

SUBMITTED OCTOBER 17, 2011—DECIDED NOVEMBER 23, 2011

No. 08-2792

IN RE:

FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS
LIABILITY LITIGATION:

YEHUDA KERMAN, *et al.*,

*Plaintiffs-Appellants,*

*v.*

BAYER CORPORATION, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 93 C 7452—**John F. Grady**, *Judge*.

SUBMITTED OCTOBER 27, 2011—DECIDED NOVEMBER 23, 2011

Before EASTERBROOK, *Chief Judge*, and POSNER and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.    We have consolidated for decision two appeals that raise concerns about appellate advocacy. These concerns are likely to arise in similar appeals, so we have decided to address them in a published opinion. Both are appeals from grants of *forum non conveniens* in multidistrict litigation.

No. 11-1665—an appeal from an order to transfer a case from the U.S. District Court for the Southern District of Indiana to the courts of Mexico—is one of many off-shoots of litigation arising out of vehicular accidents allegedly caused by defects in Bridgestone/Firestone tires installed on Ford vehicles in Latin America. All these cases have been consolidated for pretrial proceedings in that district court before Judge Barker.

In *Pastor v. Bridgestone/Firestone North American Tire, LLC* (decided with and under the name *Abad v. Bayer Corp.*, 563 F.3d 663 (7th Cir. 2009)), we affirmed Judge Barker's transfer of a similar case to the courts of Argentina under the doctrine of *forum non conveniens*. The appellants in

No. 11-1665 (the plaintiffs in the district court), the accident case, do not cite *Abad* in their opening brief, though the district court's decision in their case was issued in 2011—long after *Abad*. In their response the defendants cite *Abad* repeatedly and state accurately that its circumstances were "nearly identical" to those of the present case. Yet in their reply brief the appellants still don't mention *Abad*—let alone try to distinguish it—and we take this to be an implicit concession that the circumstances of that case are indeed "nearly identical" to those of the present case.

Even apart from that concession, Judge Barker's careful and thorough analysis demonstrates that she was acting well within her discretion in deciding that the Mexican courts would be a more appropriate forum for the adjudication of this lawsuit by Mexican citizens arising from the death of another Mexican citizen in an accident in Mexico.

The second appeal, No. 08-2792, is an offshoot of the other multidistrict litigation that gave rise to the *Abad* decision—suits against manufacturers of blood products used by hemophiliacs, which turned out to be contaminated by HIV (the AIDS virus). This particular suit was brought by Israeli citizens infected by the contaminated blood products in Israel. The defendants, invoking *forum non conveniens*, moved to transfer the case to the courts of Israel and Judge Barker obliged, precipitating the appeal. The issue is controlled not just by *Abad* but also by *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728 (7th Cir. 2010), which arose from the same multidistrict litigation

concerning blood products that had given rise to *Abad* and presented the identical issue as this case does.

The appellants' opening brief was filed in January 2009, before either *Abad* or *Chang* had been issued, but the appellees' brief was not filed until September of this year, well after both decisions, and it relies heavily on both. (The huge delay—32 months—between the filing of the opening brief and the filing of the response brief was the result of an order entered by our Settlement Conference Office suspending briefing in the hope that the case would settle.) The appellants filed a reply brief, and in it discuss *Abad* a little and *Chang* not at all, even though both decisions are heavily relied on by the appellees and highly relevant to their case. And the only time they discuss *Abad* they state incorrectly that the appellees in the response brief had cited only the portions of the opinion dealing with the automobile accident (*Pastor*).

When there is apparently dispositive precedent, an appellant may urge its overruling or distinguishing or reserve a challenge to it for a petition for certiorari but may not simply ignore it. We don't know the thinking that led the appellants' counsel in these two cases to do that. But we do know that the two sets of cases out of which the appeals arise, involving the blood-products and Bridgestone/Firestone tire litigations, generated many transfers under the doctrine of *forum non conveniens*, three of which we affirmed in the two ignored precedents. There are likely to be additional such appeals; maybe appellants think that if they ignore our precedents their appeals will not be assigned to the same panel as decided

the cases that established the precedents. Whatever the reason, such advocacy is unacceptable.

The ostrich is a noble animal, but not a proper model for an appellate advocate. (Not that ostriches *really* bury their heads in the sand when threatened; don't be fooled by the picture below.) The "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989), quoting *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987).





The attorney in the vehicular accident case, David S. "Mac" McKeand, is especially culpable, because he filed his opening brief as well as his reply brief after the *Abad* decision yet mentioned it in neither brief despite the heavy reliance that opposing counsel placed on it in their response brief. In contrast, counsel in the blood-products appeal could not have referred to either *Abad* or *Chang* in their opening brief, did try to distinguish *Abad* (if unpersuasively) in their reply brief, and may have thought that *Chang* added nothing to *Abad*. Their advocacy left much to be desired, but McKeand's left more.

A<span style="font-variant:small-caps">FFIRMED</span>.