In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-1582

TERRY BOVEE,

*Plaintiff-Appellant,*

*v.*

CLAUDIA BROOM,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 10-cv-946-DRH — **David R. Herndon**, *Chief Judge.*

ARGUED OCTOBER 4, 2013 — DECIDED OCTOBER 9, 2013

Before EASTERBROOK, ROVNER, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* The parties to this suit are siblings. Terry Bovee contends that his sister Claudia Broom violated the due process clause of the fourteenth amendment when, in her role as guidance counselor at his children's school, she criticized his parenting methods and called him a "bad father." According to the complaint, this alienated his children's affections, violating his fundamental liberty inter-

est in familial relations. Acting *sua sponte*, the district court dismissed the complaint for lack of subject-matter jurisdiction. 2011 U.S. Dist. LEXIS 145872 (S.D. Ill. Dec. 20, 2011), reconsideration denied, 2012 U.S. Dist. LEXIS 15314 (S.D. Ill. Feb. 8, 2012).

A dismissal for lack of federal jurisdiction is without prejudice, and Broom contends that the order therefore is not final and cannot be appealed. Yet in what sense is the order not "final"? It does not invite an amendment of the complaint; instead the district judge said that the case does not belong in federal court.

Sometimes the phrase "without prejudice" invites amendment, and then an appeal would be premature—if, for example, the district judge had invited the parties to supply additional details about the parties' citizenship in a diversity suit. But when used in connection with a conclusive jurisdictional ruling it means that the suit is over in federal court even if hostilities could be renewed in state court. Further litigation in a district court would be blocked by the doctrine of issue preclusion, because the question whether the suit comes within federal jurisdiction had been resolved. See *Carr v. Tillery*, 591 F.3d 909 (7th Cir. 2010) (discussing different meanings, and effects, of dismissal without prejudice); cf. *In re IFC Credit Corp.*, 663 F.3d 315 (7th Cir. 2011). We hear appeals from jurisdictional dismissals all the time. We asked Broom's counsel at oral argument if any court of appeals follows the rule that jurisdictional dismissals cannot be appealed. Counsel was unaware of such a decision, and we could not find one. Bovee's appeal is proper.

The district court seems to have assumed that any complaint that fails to state a claim on which relief may be grant-

ed also falls outside federal subject-matter jurisdiction. Long ago, in *Bell v. Hood*, 327 U.S. 678 (1946), the Supreme Court explained why that is not so. If failure on the merits equated to a lack of jurisdiction, only plaintiffs could get effective judgments. Whenever defendants prevailed, the court would dismiss on jurisdictional grounds and the plaintiff could try again in some other court; defendants would lose the protection of their victories.

Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. §1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. §1332). Bovee's claim arises under federal law, 42 U.S.C. §1983, because the defendant acted under color of state law (the events complained of happened during Broom's public employment) and the plaintiff asserts a violation of rights secured by federal law (in this case, the Constitution). The complaint alleges that plaintiff suffered injury and seeks money damages; standing to sue and justiciability cannot be doubted.

The Supreme Court has held that a constitutional theory can be so feeble that it falls outside federal jurisdiction even though all formal aspects of a federal claim appear to have been satisfied. See, e.g., *Hagans v. Lavine*, 415 U.S. 528 (1974); *Goosby v. Osser*, 409 U.S. 512 (1973). A complaint may be dismissed when the claim is "'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' [or] 'obviously without merit.' The limiting words 'wholly' and 'obviously' have cogent legal significance." *Hagans*, 415 U.S. at 537 (internal citations omitted). The district court did not cite *Hagans* or its predecessors and did not find that Bovee's claim is essentially fictitious. Maybe it could have, but it didn't, and the claim

therefore should have been resolved on the merits rather than tossed for lack of jurisdiction.

The complaint does not state a claim on which relief may be granted and therefore should have been dismissed under Fed. R. Civ. P. 12(b)(6). Bovee contends that his sister defamed him. The suit is about words, and only words; at oral argument, Bovee's lawyer conceded that Broom has not taken any official act adverse to his interests. She told his children that she thinks their father a bad parent and left them to make their own decisions. That's simple defamation. And *Paul v. Davis*, 424 U.S. 693 (1976), holds that defamation—words not accompanied by any other official action—does not violate the due process clause.

Bovee, whose briefs do not attempt to distinguish *Paul*, appears to believe that, if defamation causes an intra-family injury, then an injured parent has a constitutional claim. He does not have any support for this proposition, which *Christensen v. Boone County*, 483 F.3d 454, 464 (7th Cir. 2007), rejects. Broom relied on *Christensen*; Bovee has ignored our holding (though he does cite a different, and irrelevant, passage in *Christensen*). That is not responsible litigation; a lawyer looks undignified with his head in the sand. See *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931 (7th Cir. 2011). The belief that ostriches stick their heads in the sand to avoid seeing danger is a canard. Lawyers shouldn't do it either.

*Paul* and *Christensen* are dispositive. Siblings dissatisfied with each other's methods of child rearing must find a means other than federal litigation to address their differences. The judgment of the district court is modified to be on the merits, dismissing this suit with prejudice. As so modified, the judgment is affirmed.