In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-2592

LINDA REED,

*Plaintiff-Appellant,*

*v.*

COLUMBIA ST. MARY'S HOSPITAL,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 14-C-330 — **Rudolph T. Randa**, *Judge.*

SUBMITTED FEBRUARY 17, 2015* — DECIDED MARCH 30, 2015

Before BAUER, TINDER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Linda Reed sued Columbia St. Mary's Hospital alleging that the hospital discriminated

---

* The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See Fed. R. App. P. 34(a)(2).

against her on the basis of her disability during her stay there. She alleges violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (prohibiting disability discrimination in public accommodations), and the Rehabilitation Act, 29 U.S.C. § 794 (prohibiting disability discrimination by entities that receive federal funding). In this, her second federal suit based on these facts, the district court dismissed her claims for two reasons. First, it concluded that her claims were precluded by the dismissal of her earlier suit. Second, even if her claims were not precluded, the district court concluded that neither the ADA nor the Rehabilitation Act could offer her any remedy. We disagree on both grounds and therefore vacate the judgment of the district court and remand.

Reed alleged in her first complaint that she has tardive dyskinesia, a neurological disorder that causes involuntary facial and limb movements and makes speaking difficult. During an inpatient stay at the hospital in March 2012, Reed alleged, its staff ignored her requests, treated her poorly, refused to consult with her regarding her care, and physically injured her when she was forcibly discharged. Judge Stadtmueller, the judge assigned to that first case, ruled that the complaint did not contain "a short and plain statement" of the claim as required by Federal Rule of Civil Procedure 8(a)(2), dismissed it, and invited Reed to amend. She did so. The amended complaint repeated these factual allegations and alleged an unelaborated claim of "retaliation," a violation of Title III of the ADA, and several state-law claims.

Upon review of the amended complaint under 28 U.S.C. § 1915(e)(2), Judge Stadtmueller dismissed the action "without prejudice." He considered whether any of her claims as-

serted a violation of federal law, including the Rehabilitation Act and the retaliation provision of the ADA, 42 U.S.C. § 12203. But for each potential federal violation, the judge believed that Reed failed to state a claim for relief.

The judge then wrote that because Reed did not state a violation of federal law, the court lacked jurisdiction and had to dismiss the case without prejudice:

> Having dismissed all of Ms. Reed's claims that could conceivably arise under federal law, the Court lacks jurisdiction to hear this matter under 28 U.S.C. § 1331. Likewise, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Therefore, lacking a basis for jurisdiction over the potentially-federal claims, the Court may not exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.
>
> The Court, accordingly, lacks jurisdiction over this case entirely, and must dismiss it. The Court will do so without prejudice.

*Reed v. Columbia St. Mary's Hosp.*, No. 14-C-145-JPS, 2014 WL 805919, at *4 (E.D. Wis. Feb. 28, 2014). The conclusion of the order repeated that "for the reasons discussed above, Ms. Reed's federal claims . . . are hereby DISMISSED without prejudice" but added that the reason is "for failure to comply with Rule 8(a)(2)." Finally, the court reiterated that "those claims having been dismissed, the Court lacks jurisdiction over this matter and therefore, this matter be and the same is hereby DISMISSED without prejudice." *Id.* In a separate judgment entered the same day, see Fed. R. Civ. P. 58(a),

the court again stated that the dismissal was "without prejudice."

Reed apparently took the dismissal "without prejudice" at face value. Less than a month later, she filed in the same court a new case that expanded on the allegations deemed insufficient in the first case. The new case was assigned to Judge Randa.

According to the complaint in this second case, the allegations of which we must accept as true, see *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), Reed suffers from tardive dyskinesia plus post-traumatic stress disorder, bipolar disorder, and acute anxiety. Because tardive dyskinesia makes speaking difficult, Reed uses a computer to communicate. Reed went to the hospital in March 2012 hoping to receive alternative treatment for her disorders instead of the psychotropic medications she was taking. On one occasion, when Reed asked that staff bring the computer to her, they refused to do so because of her disabilities. When she repeated her request, she alleges, the staff retaliated against her by grabbing her and throwing her into a "seclusion room." Later, staff summoned Reed to a meeting with a doctor to discuss her discharge, where, still without her computer, she was unable to communicate. When the hospital discharged Reed, she asked to call her case manager, but hospital staff refused Reed's request, again because of her disabilities. To retaliate further they allegedly had Reed escorted out of the hospital by security guards, who injured her in the process.

The complaint asserts claims of discrimination and retaliation under the ADA and the Rehabilitation Act, and it seeks compensatory and punitive damages, injunctive relief,

and a declaratory judgment under those two laws. Finally, the complaint alleges various constitutional violations against the hospital under 42 U.S.C. § 1983.

Judge Randa dismissed Reed's second case at screening, see 28 U.S.C. § 1915(e)(2), concluding that, because her first case had been dismissed for lack of subject-matter jurisdiction, she was precluded from relying on the same facts to invoke the court's jurisdiction in the current case. Alternatively, Judge Randa concluded that neither the ADA nor the Rehabilitation Act offered Reed the relief she sought. First, he stated that neither statute provided compensatory damages for claims of discrimination. Second, Judge Randa thought that retaliation claims under the Rehabilitation Act were not available because this case did not involve *employment* discrimination, and this court had not ruled whether the ADA offers a remedy for retaliation claims that are not based on employment. Third, he added, because she did not allege an ongoing violation, she did not sufficiently plead a claim for injunctive relief under either act. Finally, the judge concluded that Reed's § 1983 claims failed because nothing in the complaint suggested that the hospital was acting under the color of state law.

Within 28 days of the dismissal, Reed moved the court to vacate the judgment and reinstate the case. She explained that she had thought Judge Stadtmueller's order permitted her to file a new case and that her new complaint stated a claim. Judge Randa denied her motion without explanation. She then appealed the dismissal of her first suit, but later voluntarily dismissed that appeal after recognizing that she appealed that dismissal too late. She also filed this timely appeal from the dismissal of her second suit. Reed repeats

her arguments that the dismissal of the first suit did not preclude her second suit and that she adequately stated claims for relief.

We agree with Reed that both of Judge Randa's reasons for dismissing her second case are incorrect. First, Judge Stadtmueller's dismissal of Reed's first case, professedly for lack of subject-matter jurisdiction, does not preclude litigation of that issue in her second case because Judge Stadtmueller did not actually decide that issue. It is generally true that a dismissal said to be without prejudice for lack of subject-matter jurisdiction can, through the doctrine of issue preclusion, bar the invocation of a federal court's subject-matter jurisdiction in a second lawsuit based on the same facts. See *Hill v. Potter*, 352 F.3d 1142, 1146–47 (7th Cir. 2003); *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). But the issue of subject-matter litigation must have been "actually litigated" and decided in the first case. See *Matrix IV, Inc. v. American Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011). To determine whether an issue was truly litigated and decided, it is sometimes necessary to look beyond the judgment in an earlier action. See *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir. 1990).

We can see from Judge Stadtmueller's reasoning in the first case that he actually decided only that Reed failed to state a claim. He did not decide that her claims did not engage the court's federal question subject-matter jurisdiction. True, he thought that as a consequence of Reed's failure to state a federal claim, the court lacked jurisdiction. That was not correct. Failure to state a claim does not deprive a court of subject-matter jurisdiction unless the claim is "wholly insubstantial and frivolous," which is a much more stringent

standard that is rarely satisfied. See *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681 (7th Cir. 2014); *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013); see generally *Bell v. Hood*, 327 U.S. 678, 685 (1946). Nothing in the substance of Judge Stadtmueller's order suggests that he deemed Reed's potential federal claims to be so frivolous that they would fail even to invoke the court's federal question jurisdiction. He simply mischaracterized as jurisdictional the dismissal of Reed's allegations for failure to state a claim.

When a court mischaracterizes its decision in that way, as happened in *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013), we can ignore the mischaracterization. Because the issue of subject-matter jurisdiction was not "actually litigated," it was incorrect for Judge Randa to conclude that Reed was precluded from invoking the court's subject-matter jurisdiction in her second suit.

The problem here is that, in substance, Judge Stadtmueller decided that Reed's complaint failed to state a claim. That sort of ruling is typically on the merits, see *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993), but the terms of his dismissal would not lead even a lawyer trained in federal jurisdiction to believe that if Reed did not file a timely appeal, she could not replead in federal court. The judge emphasized that the dismissal of Reed's "claims" for failure to state a claim was without prejudice, which suggests that the faults of the complaint could be remedied with a new pleading. See *Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011). The judge also wrote in the order that the "federal claims" were dismissed for failure to comply with Rule 8(a)(2), a disposition that also can permit repleading. See *id.* at 705; *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th

Cir. 2007). And to top it off, the judge repeated in both the conclusion of his order and the Rule 58 judgment that the court was dismissing "the matter" without prejudice.

We have emphasized that litigants may and should rely on the specific wording of a Rule 58 judgment to determine whether a judgment is final and appealable. See *Hoskins v. Poelstra*, 320 F.3d 761, 763–64 (7th Cir. 2003), citing *Furnace v. Bd. of Trustees of Southern Illinois University*, 218 F.3d 666, 669 (7th Cir. 2000). Here, given the multiple signals in Judge Stadtmueller's order and judgment that Reed could replead, we are hard-pressed to find any language that would lead a party (especially one acting pro se) to believe that the judgment in her first suit would prevent her from trying again and that her only route to pursue her claims was to appeal immediately. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1021 (7th Cir. 2013) (noting injustice that would occur if burden were placed on pro se plaintiff to understand that district court's order "was final and therefore appealable even when the district court itself did not understand it as such").

Because Reed's second suit was not precluded, we turn to the merits of the allegations in the complaint. Here the result is mixed. We agree with Judge Randa that Reed failed to state a viable claim under 42 U.S.C. § 1983. The hospital is a private entity, and nothing in the complaint suggests that it was acting under the color of state law. Judge Randa properly dismissed Reed's claims under § 1983. See *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–23 (7th Cir. 2009).

We also conclude, however, that Reed has stated viable claims under the ADA and Rehabilitation Act, and that it is premature to decide the types of relief that may be available to her (including injunctive relief) if she prevails on the merits.

Compensatory damages are available under the Rehabilitation Act, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), but may be available only for claims of intentional discrimination. See *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 & n.4 (7th Cir. 2014). Reed's allegations that the hospital, with knowledge of her disability, purposely denied her access to the computer that helps her communicate, permit an inference of intentional discrimination sufficient to support a claim for compensatory damages. That claim is legally sufficient, at least at the pleading stage. Whether evidence will support Reed's claim is a question for later in the case.

Second, Reed may also seek compensatory damages under the Rehabilitation Act for retaliation based on her allegation that the hospital threw her into a "seclusion room" when she asked for her computer. The Act does not limit retaliation claims to the employment context. Section 794a(a)(2), which provides remedies for violations of the Rehabilitation Act outside of employment, expressly incorporates the "remedies, procedures, and rights" available under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d–7. Those provisions include that law's anti-retaliation provision. See 34 C.F.R. § 100.7(e). *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 825 (9th Cir. 2009); *Weber v. Cranston School Comm.*, 212 F.3d 41, 47–48 (1st Cir. 2000). Other circuits have also recognized that the Rehabilitation Act provides for retaliation claims outside the employment

context. See, e.g., *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012); *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 & n.3 (8th Cir. 2006); *Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 867 (8th Cir. 1983).

In reaching the opposite conclusion about claims for retaliation under the Rehabilitation Act, the district court cited 29 U.S.C. § 794(d) and *Dyrek v. Garvey*, 334 F.3d 590 (7th Cir. 2003), but neither the statute nor the case supports the court's conclusion. Section 794(d) provides only that complaints that allege discrimination or retaliation in the employment context will be analyzed according to the standards of Title I of the ADA and other provisions of the ADA (including the law's prohibition against retaliation) as they relate to employment. In *Dyrek* we simply paraphrased this language of § 794(d). 334 F.3d at 597 n.3. Neither the statutory language nor our footnote implies that non-employment retaliation claims are prohibited, nor would either one lead us to split with our colleagues in other circuits on this issue.

Accordingly, the district court's judgment dismissing Reed's suit for lack of subject-matter jurisdiction is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.