**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided May 11, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3673

| | |
|---|---|
| YASMEEN STURDIVANT,<br>    *Plaintiff-Appellant*,<br><br>    *v*.<br><br>SELECT PORTFOLIO SERVICING,<br>INC., and U.S. BANK, NATIONAL<br>ASSOCIATION,<br>    *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 14 C 8402<br><br>John J. Tharp, Jr.,<br>*Judge*. |

**O R D E R**

Yasmeen Sturdivant filed this action against Select Portfolio Servicing and U.S. Bank after the mortgage on her house in Crete, Illinois, was foreclosed. She alleged that the "foreclosing entity" (which she never identified) did not hold the note or mortgage at the time of the foreclosure. Sturdivant sought to quiet title to the property under state law and claimed that the defendants had violated the Constitution of the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

United States. The district court recognized the federal claim to be insubstantial and, unable to discern another basis for subject-matter jurisdiction, dismissed Sturdivant's complaint without prejudice. Sturdivant then amended her complaint to add a single sentence asserting that the two financial institutions were state actors. This time, the court dismissed the amended complaint without prejudice and also dismissed the case, explaining that Sturdivant had not set out a basis for either diversity or federal-question jurisdiction. Her allegation that these defendants are state actors, the court reasoned, is too implausible even to invoke the court's jurisdiction.

On appeal Sturdivant argues that she said enough to allege state action. Neither her amended complaint nor her brief offers any explanation whatsoever of how the defendants, both private parties, engaged in state action, and, though her brief identifies several means by which a private party might do so, none of these theories is remotely relevant to her lawsuit. *See generally Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–24 (7th Cir. 2009). Sturdivant's § 1983 claim is thus "wholly insubstantial and frivolous" and therefore does not invoke the court's federal-question jurisdiction. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681 (7th Cir. 2014) (internal quotation marks and citations omitted); *cf. Avila v. Pappas*, 591 F.3d 552, 555 (7th Cir. 2010) (concluding that a "veneer of constitutional phraseology on top of a state tort claim cannot justify its adjudication in federal court").

She also argues that the district court applied various abstention doctrines and the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). But Sturdivant is mistaken; the district court did not apply any abstention doctrine or the *Rooker-Feldman* doctrine in dismissing her case.

We have considered Sturdivant's other contentions, and none has merit.

AFFIRMED.