Nate CARTER, Plaintiff–Appellant,

v.

HOMEWARD RESIDENTIAL, INC., et al., Defendants–Appellees.

No. 15–1156.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2015.

Decided July 23, 2015.

Nate Carter, Crete, IL, pro se.

Jena M. Valdetero, Bryan Cave LLP, Chicago, IL, Michael J. Weik, Jonathan D. Nusgart, Smith & Weik, LLC, Oak Park, IL, Shana A. Shifrin, Susan M. Horner, Burke, Warren, MacKay & Serritella, P.C., Chicago, IL, for Defendants–Appellees.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

POSNER, Circuit Judge.

Nate Carter lost his home in Crete, Illinois, after the mortgage on it was foreclosed. In this suit against the financial institutions involved in making, servicing, or foreclosing his mortgage, he alleges that the "foreclosing entity" (which he does not identify) did not hold the note or

mortgage at the time of the foreclosure. Claiming that the defendants violated the federal Constitution, he seeks to quiet title to the foreclosed home. (His only claim is federal; he does not invoke the diversity jurisdiction of the federal courts.) The district court dismissed the suit as frivolous, precipitating this appeal. The suit is indeed frivolous, like the identical suit (except for the homeowner's address, mortgage, and several dates) that was before us in *Sturdivant v. Select Portfolio Servicing, Inc.*, 602 Fed.Appx. 351 (7th Cir.2015), where we agreed with the district court that the suit was frivolous and so affirmed its dismissal. In neither case did the complaint allege anything that might support an inference that the defendants were state actors, suable therefore under 42 U.S.C. § 1983. Nor can we infer or even imagine any alternative basis for supposing that either case is within the jurisdiction of the federal courts.

Our opinion in *Sturdivant* is an "unpublished" opinion (as nonprecedential opinions are still often called, though they are all published). We have decided to publish (and thus make precedential) our opinion in the present case in order to draw attention to what seems a needless redundancy in judicial opinions dismissing suits for failure to present a justiciable claim.

■■■■ Conventional legal doctrine deems a suit frivolous if it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff. *Reed v. Columbia St. Mary's Hospital*, 782 F.3d 331, 336 (7th Cir.2015); *Ricketts v. Midwest National Bank*, 874 F.2d 1177, 1180–83 (7th Cir. 1989); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–77 (7th Cir.1988);

*Association of American Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 473 (D.C.Cir.2014); *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir.2013); *In re Stock Exchanges Options Trading Antitrust Litigation*, 317 F.3d 134, 150 (2d Cir.2003). Such a suit does not invoke the jurisdiction of a federal court; "if it is clear beyond any reasonable doubt that a case doesn't belong in federal court, the parties cannot by agreeing to litigate it there authorize the federal courts to decide it." *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir.2010).

■■■■ In contrast, a complaint that makes a claim that if true would provide a basis on which a federal court could grant the plaintiff monetary or other relief, but is later shown (normally by a motion to dismiss or other action taken by the defendant) to have no merit, nevertheless successfully invokes federal jurisdiction and so if it's dismissed the dismissal is on the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *LaSalle National Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 143–44 (7th Cir.1996); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir.2012); *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1353–54 (11th Cir.1998). In the *Carr* decision cited above we pointed to a "presumption ... that the dismissal of even a very weak case should be on the merits rather than because it was too weak even to engage federal jurisdiction. Otherwise courts would spend too much time distinguishing degrees of weakness. And there is a certain perversity in a jurisdictional dismissal; it permits the plaintiff to refile his case, albeit (as we noted) not on the ground on which the dismissal was based." 591 F.3d at 917 (citations omitted).

But we also said that "a suit that is *utterly* frivolous does not engage the jurisdiction of the federal courts." *Id.* (emphasis added). In retrospect the insertion (not original with us) of the adverb—"utterly" before "frivolous"—was unfortunate. It suggested that maybe even if the plaintiff's claim was frivolous, unless it was *utterly* frivolous the case could be decided on the merits. Later we sensibly questioned the wisdom of "distinguishing so finely among degrees of substantive weakness," *McCoy v. Iberdrola Renewables, Inc.,* 769 F.3d 535, 537 (7th Cir.2014)—how indeed would one distinguish "frivolous" from "utterly frivolous"? Worse, the cases have taken to substituting "insubstantial" for "frivolous" and then distinguishing among degrees of "insubstantiality"; so we are treated to distinctions between "insubstantial" and "wholly insubstantial," between "so utterly frivolous" and "so insubstantial," between "plainly unsubstantial" and "not substantial enough" versus "sufficiently substantial," between "essentially fictitious" and "obviously without merit," and between "frivolous" and "insubstantial." *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Bovee v. Broom,* 732 F.3d 743, 744 (7th Cir.2013); *Ricketts v. Midwest National Bank, supra,* 874 F.2d at 1180, 1182, 1185; *Crowley Cutlery Co. v. United States, supra,* 849 F.2d at 278; *Association of American Physicians & Surgeons v. Sebelius, supra,* 746 F.3d at 473; *Arena v. Graybar Electric Co.,* 669 F.3d 214, 222 (5th Cir.2012); *Karnak Educational Trust v. Bowen,* 821 F.2d 1517, 1520 (11th Cir. 1987).

This explosion of redundant verbiage can be traced back to *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and perhaps farther (but we haven't tried), and was enlarged and emphatically endorsed in *Hagans v. Lavine, supra,* 415 U.S. at 537–38, 94 S.Ct. 1372

(long enough ago to invite reconsideration, one might think), as having "cogent legal significance." The Court contributed to the list of synonyms (besides "plainly unsubstantial") "obviously frivolous," "so attenuated and unsubstantial as to be absolutely devoid of merit," "no longer open to discussion," "essentially fictitious," "prior decisions inescapably render the claims frivolous," and "plainly unsubstantial, either because [the federal question] is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" *Id.* at 536–38, 94 S.Ct. 1372; see also *Morrison v. YTB International, Inc.,* 649 F.3d 533, 536 (7th Cir. 2011); *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254, 1256 (7th Cir. 1994); *Davis v. U.S. Sentencing Commission,* 716 F.3d 660, 666–67 (D.C.Cir.2013); *Harris v. Blue Cross/Blue Shield of Alabama, Inc.,* 951 F.2d 325, 327 (11th Cir. 1992); *Molina–Crespo v. Califano,* 583 F.2d 572, 573–74 (1st Cir.1978).

The bare word "frivolous" should be enough to denote a complaint that on its face does not invoke federal jurisdiction. "Utterly frivolous" is redundant. As for "wholly insubstantial," "too insubstantial," "not substantial enough," and all the rest, these are confusing substitutes for "frivolous" that imply misleadingly that a merely "insubstantial" (as opposed to a "too insubstantial" or "wholly insubstantial") claim might suffice to invoke federal jurisdiction—in other words that there is a sliding scale of substantiality, and at some point on the scale a claim is actionable. No one has explained how that point is to be determined. It remains indeterminate, a source of needless uncertainty.

And mightn't it be better to purge "frivolous" too—a word that in modern Ameri-

can English is synonymous with such words as "skittish," "flighty," "giddy," "silly," "foolish," "superficial," "shallow," "irresponsible," "thoughtless," "featherbrained," "empty-headed," "pea-brained," "birdbrained," "vacuous," and "vapid," *Oxford Thesaurus of English* 358 (2009)— from the legal lexicon, and say rather that a complaint that fails to invoke federal jurisdiction is to be dismissed for want of jurisdiction, while a complaint that invokes federal jurisdiction but pleads itself out of court (for example by making a claim expressly rejected in a Supreme Court decision) should be dismissed by the district court on the merits without awaiting a pleading from the defendant? One might call such a claim "groundless," and a claim that doesn't invoke federal jurisdiction "nonjusticiable." That would avoid confusion arising from the fact that "frivolous" is sometimes used in federal statutes to mean simply lacking merit. See, e.g., 28 U.S.C. § 1915; 26 U.S.C. § 6702. In short, may not the time have come for the Supreme Court to reexamine its 41–year-old decision in *Hagans?*

AFFIRMED