**Jeffrey MIMMS and Gloria Mimms, Plaintiffs–Appellants,**

**v.**

**U.S. BANK, N.A., et al., Defendants– Appellees.**

**No. 15–2454.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 19, 2016.*

Decided Jan. 20, 2016.

Jeffrey Mimms, Flossmoor, IL, pro se.

Gloria Mimms, Flossmoor, IL, pro se.

Harry N. Arger, Rosa M. Tumialan, Dykema Gossett PLLC, Chicago, IL, Cody Joseph Cocanig, Winston & Strawn LLP, Chicago, IL, for Defendant–Appellee.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the

Before RICHARD A. POSNER, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge and DIANE S. SYKES, Circuit Judge.

**ORDER**

Jeffrey and Gloria Mimms defaulted on their home mortgage, and in May 2014 an Illinois court entered a judgment of foreclosure. A judicial sale was conducted in March 2015, but the following month, before the state court had approved that sale, the Mimmses brought this action in federal court under 42 U.S.C. § 1983. They essentially claim that the defendants, all private financial institutions, violated the Constitution of the United States by filing the foreclosure action. The district court dismissed the suit.

The plaintiffs' complaint and their appellate briefs are familiar. Twice previously we have reviewed complaints and briefs identical in both wording and typeface (except for details about the homeowners' addresses and mortgages). *See Carter v. Homeward Residential, Inc.,* 794 F.3d 806 (7th Cir.2015); *Sturdivant v. Select Portfolio Servicing, Inc.,* 602 Fed.Appx. 351, 351 (7th Cir.2015). Both times we concluded that the complaints did not invoke the district court's subject-matter jurisdiction. The same is true for the plaintiffs' complaint in this case, and their lawsuit was properly dismissed.

We note that the plaintiffs filed and pursued this appeal after our opinion in *Carter* was issued, making this appeal frivolous. Accordingly, we invoke Rule 38 and issue an order to show cause why sanctions should not be imposed for filing a frivolous appeal. *See* Fed. R.App. P. 38 ("If a court of appeals determines that an ap-

briefs and record. *See* Fed. R.App. P. 34(a)(2)(C).

peal is frivolous, it may, after ... notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). The Mimmses shall respond within 14 days of the date of this order.

AFFIRMED