**Andre COBIGE, Plaintiff–Appellant,**

v.

**PHH MORTGAGE CORPORATION, et al., Defendants–Appellees.**

No. 15–2446.

United States Court of Appeals, Seventh Circuit.

March 28, 2016.*

Andre Cobige, Oswego, IL, pro se.

Bruce R. Van Baren, Attorney, Reed Smith LLP, Geoffrey Alexander Belzer, Attorney, Kimberly E. Blair, Attorney, Wilson Elser Moskowitz Edelman & Dicker LLP, Sharilee Kempa Smentek, Attorney, Arnstein & Lehr LLP, Chicago, IL, for Defendant–Appellee.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the

Before DIANE P. WOOD, Chief Judge, MICHAEL S. KANNE, Circuit Judge, DIANE S. SYKES, Circuit Judge.

**ORDER**

Andre Cobige's wife, Tiffani Wilson, defaulted on her mortgage, and the holder of the note and mortgage filed a foreclosure action in an Illinois circuit court. Cobige tried to intervene in the case, but the state court denied that request because Cobige did not have an ownership interest in the house or any potential liability for the defaulted note. The state court foreclosed the mortgage and later, in July 2014, confirmed a judicial sale of the residence. Five months later Cobige filed this suit, marking on the complaint that it was brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). His amended complaint is nearly identical (font and all) to several other complaints that we have found to be too insubstantial to invoke a federal court's subject-matter jurisdiction. *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806 (7th Cir.2015); *Mimms v. U.S. Bank, N.A.*, 630 Fed.Appx. 627 (7th Cir.2016) (nonprecedential decision); *Sturdivant v. Select Portfolio Servicing, Inc.*, 602 Fed.Appx. 351 (7th Cir.2015). The suit names several defendants, including PHH Mortgage Corporation, which filed the foreclosure action, and claims that the state proceeding was invalid on the ground that PHH "was not the true owner" of the note. On the defendants' motion, the district court dismissed the action for lack of subject-matter jurisdiction.

Cobige's appeal from that decision is frivolous. His appellate brief—like his amended complaint in the district court—is identical to the briefs we saw in *Mimms*,

briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

*Carter,* and *Sturdivant.* As in those cases, the rambling, nonsensical allegations in Cobige's amended complaint are too insubstantial to have invoked the district court's federal-question jurisdiction. *See Hagans v. Lavine,* 415 U.S. 528, 537–38, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Avila v. Pappas,* 591 F.3d 552, 555 (7th Cir.2010). Adding to that, there is no case or controversy as Cobige was not the homeowner. *See Parvati Corp. v. City of Oak Forest,* 630 F.3d 512, 516–17 (7th Cir.2010) (explaining that developer lacked standing after conveying ownership to another party). Cobige has not cited any authority, nor can we find any, suggesting that under Illinois law (which governs the home loan in this case) a person who is not party to a residential mortgage would have a right to intervene in a foreclosure action. In fact, the Illinois court denied Cobige's request to intervene.

Finally, we note that Cobige filed this appeal after we issued our published opinion in *Carter.* Cobige was told that this case was taken in bad faith when the district court rightly denied him leave to appeal in forma pauperis. He ignored the district court. We thus order him to show cause why sanctions should not be imposed for filing a frivolous appeal and direct Cobige to respond within 14 days of the date of this order. *See* FED. R.APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after ... notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). We caution future litigants who choose to file these frivolous lawsuits that the plaintiffs in *Mimms* were fined $1,000.

The district court's judgment is AFFIRMED.