NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016[*]
Decided March 30, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3408

| | |
|---|---|
| STANLEY D. HAYES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 6409 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Robert W. Gettleman, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Stanley Hayes defaulted on his home mortgage, and in January 2013 an Illinois court entered a judgment of foreclosure in favor of the Federal National Mortgage Association. A judicial sale was conducted, and the state court approved the sale in September 2013. Hayes brought this action in federal court, ostensibly under 42 U.S.C. § 1983, claiming that the Federal National Mortgage Association violated the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Constitution of the United States by filing the foreclosure action. The district court dismissed the suit on the defendant's motion.

The plaintiff's complaint and appellate brief are familiar. Recently we have reviewed complaints and briefs identical in both wording and typeface (except for details about the homeowners' addresses and mortgages). *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806 (7th Cir. 2015); *Mimms v. U.S. Bank, N.A.*, No. 15-2454, 2016 WL 234435 (7th Cir. Jan. 20, 2016) (nonprecedential decision); *Sturdivant v. Select Portfolio Servicing, Inc.*, 602 F. App'x 351 (7th Cir. 2015) (nonprecedential decision). Each time we concluded that the complaints did not invoke the district court's subject-matter jurisdiction. The same is true for the plaintiff's complaint. His claims of constitutional violations are too insubstantial to set out a basis for federal-question jurisdiction, and his lawsuit was properly dismissed.

We note that the plaintiff filed and pursued this appeal after our opinion in *Carter* was issued, making this appeal frivolous. Accordingly, we invoke Rule 38 of the Federal Rules of Appellate Procedure and issue an order to show cause why sanctions should not be imposed for filing a frivolous appeal. *See* FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after … notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). Mr. Hayes shall respond within 14 days of the date of this order.

**AFFIRMED**.