NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2016[*]
Decided June 23, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3512

| | |
|---|---|
| YASMEEN STURDIVANT, <br>    *Plaintiff-Appellant*, <br><br> *v.* <br><br> U.S. BANK, N.A., et al., <br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 15 C 4957 <br><br> Robert W. Gettleman, <br> *Judge*. |

**O R D E R**

Yasmeen Sturdivant appeals the dismissal of her suit loosely alleging civil rights violations in connection with the sale of her home at an auction based on a foreclosure judgment. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Sturdivant persists in trying to challenge this foreclosure. Slightly over a year ago, we affirmed the dismissal—on insubstantiality grounds—of her action against U.S. Bank and Select Portfolio Services after the mortgage on her house in Crete, Illinois, was foreclosed. *See Sturdivant v. Select Portfolio Servicing, Inc.*, 602 F. App'x 351 (7th Cir. 2015). She promptly returned to federal court, and in this complaint she alleged that the defendants violated her constitutional rights by selling her house despite knowing that she had filed for Chapter 13 bankruptcy relief the previous day. In her view, her bankruptcy filing entitled her to an automatic stay under 11 U.S.C. § 362(a). She specified that she meant to bring her suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The district court dismissed this suit. To the extent she sought an order declaring her to be the sole property owner, the court found her claim barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). To the extent she sought damages for defendants' alleged violation of the automatic stay, the court rejected this claim as a matter of law: under 11 U.S.C. § 362(c)(4)(A), no automatic stay may go into effect if, as here, a debtor files multiple bankruptcy petitions within a year (and Sturdivant had even been barred from filing any additional petitions for 180 days). And to the extent she asserted constitutional claims, the court explained that the defendants are not state actors.

Sturdivant's appeal from that decision is meritless. She again fails to provide any explanation of how the defendants, all private corporations, are acting under color of federal law. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 n.2, 70–71 (2001); *Muick v. Glenayre Elecs.*, 280 F.3d 741, 742 (7th Cir. 2002). As with her prior suit, her allegations are too insubstantial to invoke the district court's federal-question jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); *Avila v. Pappas*, 591 F.3d 552, 555 (7th Cir. 2010).

Other litigants have been fined for filing similar complaints and briefs to the ones Sturdivant used in her first suit challenging her foreclosure. *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806 (7th Cir. 2015); *Hayes v. Fed. Nat'l Mortg. Ass'n*, No. 15-3408, 2016 WL 1239269 (7th Cir. Mar. 30, 2016) (nonprecedential decision); *Cobige v. PHH Mortg. Corp.*, No. 15-2446, 2016 WL 1179792 (7th Cir. Mar. 28, 2016) (nonprecedential decision); *Mimms v. U.S. Bank, N.A.*, 630 F. App'x 627 (7th Cir. 2016). Sturdivant was not warned last time, but as she continues to file meritless suits and appeals, we now order her to show cause within 14 days why the court should not impose sanctions under Federal Rule of Appellate Procedure 38. If she fails to pay any fine imposed as a sanction,

she may be barred from filing any other litigation in this circuit until she has done so. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED.