**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019[*]
Decided March 28, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2514

| | |
|---|---|
| PAMELA B. COOPER, <br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-cv-01368 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, <br>    *Defendant-Appellee*. | David R. Herndon, <br> *Judge*. |

**O R D E R**

Pamela Cooper, a former caseworker with the Illinois Department of Human Services, appeals the dismissal of her complaint alleging that the Department violated her civil rights by wrongfully terminating her, harassing her, and breaching her employment contract. She alleged that she was fired for accumulating a series of absences that, she says, were improperly labeled as "unauthorized." The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed her complaint for lack of jurisdiction because the Department, a state agency, was entitled to sovereign immunity under the Eleventh Amendment.

Cooper's appellate brief rehashes allegations and hardly engages the district court's rationale (as required under FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)), but we understand her generally to argue that she stated a claim that the Department violated its own policy as well as a union agreement by falsifying her attendance records. But the violation of a department policy in itself is not harassment under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2, which concerns only discrimination based on an individual's membership in a protected class. *See Jackson v. County of Racine*, 474 F.3d 493, 499 (7th Cir. 2007); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011). Nor can she state a claim through her allegations of verbal harassment—comments from an administrator about her not deserving her position and threats from a coworker to "get her fired"—because these comments were not directed at any characteristic protected under Title VII. *See* 42 U.S.C. § 2000e-2(b); *Jackson*, 474 F.3d at 499.

As for her claims under § 1983 and state law, she mounts no challenge to the district court's proper conclusion that these claims are barred by the Eleventh Amendment because the Department is a state agency. *See Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (en banc). However, because the Eleventh Amendment does not curtail subject-matter jurisdiction, *see id.*, we modify the district court's judgment to reflect a dismissal for failure to state a claim with prejudice, *see Bovee v. Broom*, 732 F.3d 743, 744–45 (7th Cir. 2013), and we AFFIRM the judgment as modified.