**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 20, 2019

*Before*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2517

| | |
|---|---|
| MELODY JACKSON HALE, <br>     *Plaintiff-Appellant*, | Appeal from the United States <br> District Court for the Southern District <br> of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-01197-TWP-MJD |
| INDIANA DEPARTMENT OF CHILD <br> SERVICES and KOSCIUSKO COUNTY <br> DEPARTMENT OF CHILD SERVICES, <br>     *Defendants-Appellees*. | Tanya Walton Pratt, <br> *Judge*. |

**O R D E R**

In 1996, child-services case workers removed Melody Jackson Hale's two sons from her custody. Almost 25 years later, she filed this action in federal court against the state and county departments of child services, alleging that case workers unlawfully

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. FED. R. APP. P. 34(a)(2).

took custody of her children without a warrant, a court order, or probable cause. Hale seeks damages for the emotional distress she suffered as a result of her children's unlawful removal.

Although Hale checked a box on her form complaint stating that she was suing for a violation of a federal law, *see* 28 U.S.C. § 1915(e)(2)(B), the district court at screening construed her pleadings to raise only a state-law tort claim for infliction of emotional distress. The court determined that the complaint was subject to dismissal because Hale had not alleged a basis for either federal-question or diversity jurisdiction, and because the defendants were entitled to sovereign immunity under the Eleventh Amendment. Before dismissing Hale's case, the district court gave her the opportunity to show cause why her case should not be dismissed on those two bases. Hale responded by submitting child services records and state-court records from several cases involving custody of her two sons. The district court concluded that although the documents might support the factual basis of Hale's complaint, they did not cure its jurisdictional defects.

On appeal, Hale restates the factual basis of her claim but does not engage with the district court's reasons for dismissal. Even so, we understand her as attempting to raise a claim under 42 U.S.C. § 1983 that child services violated her substantive due process right to familial integrity when it took custody of her children without probable cause. We have recognized the existence of such a right. *See, e.g.*, *Sebesta v. Davis*, 878 F.3d 226, 233 (7th Cir. 2017); *Siliven v. Ind. Dep't of Child Servs.*, 635 F.3d 921, 928 (7th Cir. 2011). Hale's claim thus arises under federal law and falls within federal jurisdiction.

We may affirm "on any ground contained in the record," and we conclude that Hale's complaint should have been dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). Hale broadly alleges that child services removed her sons without probable cause or a warrant, but her complaint and the attached documents fail to give the defendants fair notice about the nature of her claim. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (pro se complaints, though read liberally, must provide allegations "sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests") (citations omitted); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[P]laintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."). Indeed, the documents Hale attached to her complaint (and

submitted in response to the district court's initial screening order) show actions by child services that are "just as consistent with lawful conduct" as "with wrongdoing." *Brooks*, 578 F.3d at 581–82. Without more, Hale's allegations are "too vague to provide notice to the defendants of the contours of [her] § 1983 due process claim." *Id.*

Lastly, Hale also does not raise, and therefore waives, any challenge to the district court's proper conclusion that her claims for damages are barred because both defendants are state agencies. *See Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (en banc) (court may raise sovereign immunity issue); *Holmes v. Marion Cty. Office of Family & Children*, 349 F.3d 914, 918–19 (7th Cir. 2003) (concluding that in Indiana, county offices of family and children are part of the state for purposes of the Eleventh Amendment).

Because the complaint should not have been dismissed for lack of subject-matter jurisdiction, we modify the district court's judgment to reflect that Hale's claims are dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Bovee v. Broom*, 732 F.3d 743, 744–45 (7th Cir. 2013).

The judgment is AFFIRMED as modified.